Forstall's Sons *vs.* Flotte.

served after the return day, when none was asked for or issued before the return day. The citation which is issued and served after the return day, where none was asked for or issued before, is equivalent to no citation; and where the appeal is taken, as this was, after the expiration of the term at which the judgment was signed, citation is indispensable.

In Walker *v.* Martols, 16 La. 50; Pratt *v.* Erwin 5 A. 115: Bolling *v.* Anderson, 10 A. 650, and Gerodias *v.* Handy, 31 A. 334, it was expressly decided that where citation was not prayed for by appellant, and none issued, the fault was to be imputed to the appellant, and not to the clerk.

There was ample time between the date of the order granting the appeal, 2d of June, and the return day, 3d of November, five months, for the citing of defendants; and it is the fault of appellant that they were not duly cited.

The case, therefore, does not fall within the terms of section 19 of the Act of 1839 No. 53, amending the Code of Practice; and the motion to dismiss must prevail.

*The appeal is therefore dismissed at the costs of appellant.*

---

No. 7663.

E. J. FORSTALL'S SONS VS. A. FLOTTE ET AL.

A clerical error in a judgment may be, and ought to be corrected in the lower court, but failing the application there for its correction, it will be corrected on appeal.

APPEAL from the Third District Court of New Orleans. MONROE, J.

*Bryon* for Plaintiff Appellant. *Benedict* for Defendants.

The suit was upon a note for $1,560.35 with no credit, nor plea, nor proof of any payment. Judgment was rendered for $560.35. The plaintiffs attempted to have the correction made by consent, and failing that, by the court of its own motion, which not being done, they appealed.

MARR, J., delivered the opinion, amending the judgment.